UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-CV-15-KKC

RAY JONES TRUCKING, INC. and
DALLAS JONES ENTERPRISES, INC.,
d/b/a Clay's Trucking,                                                                                    PLAINTIFFS,

vs.                                              **OPINION AND ORDER**

KENTUCKY AUTOMOBILE INSURANCE PLAN and
LIBERTY MUTUAL INSURANCE COMPANY,                                               DEFENDANTS.

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiffs' Motion to Remand [Rec. No. 12] the action to the Franklin Circuit Court. For the reasons stated below, the Court DENIES the Motion.

**I. BACKGROUND FACTS**

In January 2007, the Plaintiffs, Ray Jones Trucking, Inc. and Dallas Jones Enterprises, Inc., brought this action for common law bad faith and violations of Kentucky's Unfair Settlement Practices Act ("UCSPA") in Franklin Circuit Court against Defendants, Kentucky Automobile Insurance Plan ("KAIP") and Liberty Mutual Insurance Company ("Liberty Mutual").

Kentucky, like other states with compulsory automobile insurance statutes, have mechanisms to assure the availability of insurance to individuals who are required to obtain it but who are otherwise unable to obtain coverage. *See* 7 Am. Jur. 2d *Automobile Insurance* § 25. Assigned risk plans require the state's liability insurance carriers to insure individuals who qualify under the plan but who otherwise cannot obtain coverage, apportioning the risk among the insurers. *Id*.

KAIP "provides vehicle liability insurance to Kentucky individuals and entities who seek coverage in the regular commercial market for such insurance but are unable to obtain it." [Rec. No. 12, Motion to Remand, Exhibit 4, Stipulations, pg. 11]. Insurance companies, recognizing that some individuals would be denied vehicle liability insurance because they did not meet the insurance company's underwriting guidelines, organized KAIP in 1948. *Id*. KAIP "is a statutorily mandated residual market mechanism." *Id*. Kentucky Revised Statute § 304.13-151(6) provides:

> As a condition of its authority under this chapter to transact casualty insurance (as defined in KRS 304.5-070) in this state, every insurer so authorized shall become and remain a signatory to the "Kentucky automobile insurance plan" as it is presently formulated or as it is hereafter amended with the approval of the executive director. The "Kentucky automobile insurance plan" shall be deemed to be a mandated "residual market mechanism" as defined in KRS 304.13-011(8).

The Plaintiffs are in the trucking business, transporting coal for various Western Kentucky coal producers. Plaintiffs submitted applications for insurance to KAIP. [Rec. No. 12, Exhibit 5, Stipulations, pg. 17]. "KAIP is required to provide coverage to trucking companies and other commercial vehicle owners who request coverage and satisfy the eligibility standards...." *Id*. at 16. KAIP reviewed the applications and forwarded them to Liberty Mutual, a servicing carrier for KAIP, who issued the insurance policies to Plaintiffs. *Id*. at 17.

The insurance policies were subject to a premium audit. The preliminary audit resulted in an estimated premium of $1,190,870, which the Plaintiffs paid in full. The final audit, however, estimated that the Plaintiffs owed an additional $1,568,427. [Rec. No. 1, Complaint, pg. 3]. The Plaintiffs dispute this additional premium and claim that the Defendants acted in bad faith and violated Kentucky's Unfair Settlement Practices Act ("UCSPA"), codified at KRS 304.12-230 et seq.

In March, 2007, the Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiffs are Kentucky corporations with their principal offices located in Kentucky. Liberty Mutual is a Massachusetts corporation with its principal place of business located in Massachusetts. KAIP is a residual market mechanism with its principal office in Louisville, Kentucky. Defendants argue that the citizenship of KAIP should be ignored for purposes of removal. Following removal, the Plaintiffs filed a Motion to Remand the matter to Franklin Circuit Court pursuant to 28 U.S.C. § 1447(c) based on lack of diversity of citizenship.

**II. ANALYSIS**

In the Notice of Removal [Rec. No 1], Defendants argue that KAIP is not a real party in interest, thus, the citizenship of KAIP should be ignored. Although the Defendants apply a real party in interest analysis to this issue, fraudulent joinder is the correct analysis.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Diversity jurisdiction exists only when all plaintiffs are of a different citizenship from all defendants. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999); 28 U.S.C. § 1332. However, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id*. At 493. "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand." *Id*. (internal quotation marks and citations omitted).

3

The Defendants argue that KAIP cannot be liable to Plaintiffs on the claims alleged in the Complaint. [Rec. No. 1, Notice of Removal]. In the Complaint, Plaintiffs allege common law bad faith and violations of UCSPA. Defendants argue that KAIP cannot be held liable under UCSPA because KAIP is not an considered an insurer for purposes of the statute.

KAIP is not an insurance company. KAIP "is a statutorily mandated residual market mechanism." [Rec. No. 12, Motion to Remand, Exhibit 4, Stipulations, pg. 11]. The Kentucky Supreme Court has stated that, "the USCSPA was clearly intended to regulate the conduct of insurance companies." *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 96 (Ky. 2000). The Plaintiffs rely on KRS § 304.1-020 for support for the proposition that UCSPA applies to any "person," including KAIP. [Rec. No. 12, pg. 6]. KRS § 304.1-020 provides:

> "Person" includes an individual, insurer, company, association, organization, Lloyd's insurer, society, reciprocal insurer or inter-insurance exchange, partnership, syndicate, business trust or corporation, and every other related legal entity.

However, the Kentucky Supreme Court has clearly stated that both claims of common law bad faith and claims pursuant to the UCSPA "apply only to persons or entities engaged in the business of insurance." *Davidson*, 25 S.W.3d at 95; *See also Malone v. Cook*, 2005 WL 2758091 (W.D.Ky. 2005)(unpublished)("In 2000, the Kentucky Supreme Court held that, under the UCSPA, 'person' referred to persons engaged in the business of entering into contracts of insurance").

Bad faith claims are based on the presence of an insurance contract. "[I]n absence of a contractual obligation in an insurance policy for coverage, there can be no claim for bad faith." *Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738, 742 (Ky. Ct. App. 2004). Bad faith actions

4

are "based upon the fiduciary duty owned by an insurance company to its insured based upon the insurance contract." *Farmland Mut. Ins. Co. v. Johnson*, 36 S.W.3d 368, 379 (Ky. 2000).

The parties agree that Liberty Mutual actually issued the insurance policies. [Rec. No. 12, Exhibit 5, Stipulations, pg. 17]. The Plaintiffs submitted the applications for insurance coverage to KAIP, who in turn forwarded the applications to Liberty Mutual. *Id*. There appears to be no contractual relationship between the Plaintiffs and KAIP on which to base the bad faith claims. The insurance contracts were executed between Liberty Mutual and the Plaintiffs, not KAIP. KAIP is simply a statutorily mandated residual market mechanism, organized to assure insurance coverage to individuals who otherwise can not obtain insurance. KAIP is not an insurance company and did not provide an insurance policy to the Plaintiffs, thus, Plaintiffs cannot establish a claim for bad faith against KAIP under Kentucky law. Therefore, the citizenship of KAIP will be ignored for purposes of determining diversity of citizenship. Since complete diversity exists between the Plaintiffs and Liberty Mutual, remand is not proper.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiffs' Motion to Remand [Rec. No. 12] is **DENIED;**

(2)     Defendant Kentucky Automobile Insurance Plan is **DISMISSED** as a party to this action.

This the 4th day of May, 2007.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**